IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SARAH SOLOMON, on behalf of herself and
all individuals similarly situated,
    Plaintiff,

v.                                                          Civil Action No. 3:19-cv-266

EQUIFAX INFORMATION SERVICES, LLC,
    Defendant.

## OPINION

Sarah Solomon alleges that Equifax Information Services, LLC ("Equifax"), inaccurately reported her credit history in violation of § 1681e(b) of the Fair Credit Reporting Act ("FCRA"). She seeks to represent a class of Virginia consumers whose credit reports from Equifax inaccurately included debts discharged in bankruptcy. Equifax has moved to transfer this case to the Central District of California, arguing that Solomon bases her claim on a settlement agreement approved in that district. Because Solomon's claim does not rise or fall on the terms of the settlement agreement, the Court will deny Equifax's motion to transfer.

## I. BACKGROUND

In 2013, Solomon filed for Chapter 13 bankruptcy, known as reorganization. She then incurred additional debts. In 2017, Solomon converted her Chapter 13 proceeding into a Chapter 7 liquidation proceeding. In 2018, she received a discharge order from the U.S. Bankruptcy Court for the Eastern District of Virginia. Solomon later applied for a car loan. The lenders requested and obtained copies of Solomon's credit report from Equifax. Solomon's credit report wrongly indicated that the post-petition, pre-conversion debts remained outstanding and did not indicate that those debts had been discharged in bankruptcy. Solomon then filed this class action against Equifax, arguing that her credit report contained inaccurate information.

In 2008, Equifax and other credit reporting agencies settled a case in the Central District of California involving the reporting of pre-bankruptcy debt. *See White v. Experian Info. Sols. Inc.*, No. 8:05-cv-1070-DOC (C.D. Cal. Aug. 19, 2008). As is typical in large class action settlements, the court in *White* retained jurisdiction "to resolve the Plaintiffs' remaining claims, to resolve any future disputes arising out of the terms and conditions of the Settlement, and to effectuate the Settlement." (Dk. No. 22-1, at § 9.5.) Solomon, however, was not a member of the settlement class in *White*. Equifax has moved to transfer venue to the Central District of California, arguing that Solomon "premises her claim on allegations that Equifax violated [the] injunctive settlement agreement" in *White*. (Dk. No. 22, at 1.)

## II. DISCUSSION

### A. The White *Settlement Agreement*

Equifax contends that Solomon's claim "aris[es] out of the terms and conditions" of the *White* settlement agreement and that Solomon "challenges *either* Equifax's compliance with the *White* Settlement Order *or* the validity of the Order itself." (*Id.* at 8.) Solomon argues that she does not seek to enforce the *White* Order or accuse Equifax of violating it, but instead "brings garden-variety claims under the FCRA." (Dk. No. 27, at 5.) Solomon also points out that the debt at issue in *White* involved pre-petition debt, whereas the debt at issue here concerns post-petition debt.

Solomon's claim against Equifax does not arise out of the terms of the *White* Order. She does not challenge Equifax's compliance with the *White* Order; she challenges Equifax's compliance with § 1681e(b) of the FCRA. Nor does she dispute the validity of the *White* Order—she cites it approvingly to bolster her case. The *White* Order merely speaks to Equifax's knowledge and notice regarding reporting inaccurate information about consumer bankruptcy.

2

Indeed, Solomon could have alleged that Equifax violated § 1681e(b) without invoking *White* at all. The *White* Order is thus a far cry from being "inextricably intertwined" with Solomon's claim. (Dk. No. 22, at 7.)

### *B. Transfer Under § 1404(a)*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it may have been brought." 28 U.S.C. § 1404(a). In deciding whether to transfer venue, a decision "committed to the district court's sound discretion," the Court makes two inquiries: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The moving party "bears the burden of showing that transfer is proper," *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007), and "must also demonstrate that transfer does more than merely 'shift the inconvenience' to the other party." *Id.* (quoting *DMP Corp. v. Fruehauf Corp.*, 617 F. Supp. 76, 77 (W.D.N.C. 1985)).

The Court must first determine whether Solomon—a Virginia resident who seeks to represent a class of Virginia consumers—could have filed her § 1681e(b) claim in the Central District of California. To do so, the Central District of California must have personal jurisdiction over Equifax and must be a proper venue. *See City of Va. Beach v. Roanoke River Basin Ass'n*, 776 F.2d 484, 489 (4th Cir. 1985). Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

As the Court explained above, Solomon's claim does not arise out of the terms of the *White* Order. Thus, the negotiation and approval of the *White* Order in the Central District of California do not constitute a substantial part of the events giving rise to Solomon's claim. Even if the *White*

3

settlement agreement never existed, the events giving rise to Solomon's claim—Equifax's alleged inaccurate reporting of her credit—still would have happened. Accordingly, the Central District of California would not be a proper venue for Solomon's § 1681e(b) claim. Because Solomon could not have brought her claim in the Central District of California, the Court cannot transfer this case to that venue.

Even if the Central District of California were an appropriate venue for the case, the Court still would not transfer the case. The Court considers four factors when deciding whether to transfer venue for the convenience of the parties: (1) the importance of the plaintiff's choice of venue; (2) convenience and access for witnesses; (3) convenience of the parties; and (4) the interest of justice. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Typically, the plaintiff gets to select a venue, so the first factor weighs in favor of keeping the case in Virginia. With regard to the second factor, the plaintiff's witnesses will likely reside in Virginia, while the defendant's witnesses reside at various locations around the country. The second factor, therefore, weights in favor of the plaintiff or, at best for the defendant, comes out even. As to convenience of the parties, all the members of the proposed class live in Virginia, so this factor weighs in favor of the plaintiff.

The final factor, the interest of justice, considers multiple issues that touch upon the fairness of our system of justice. *See Solomon v. Am. Web Loan*, 375 F. Supp. 3d 638, 666 (E.D. Va. 2019). These include the "interest in having local controversies decided at home." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 872 (E.D. Va. 2013). Other considerations include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair

trial, the ability to join other parties, and the possibility of harassment." *Id.* Weighing all these factors, the Court concludes that the interest of justice mandates that the case remain in Virginia.

### III. CONCLUSION

Because Equifax has not shown that transfer is appropriate, the Court will deny Equifax's motion to transfer venue.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 4 December 2019
Richmond, VA

/s/ J.
John A. Gibney, Jr.
United States District Judge