IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SARAH SOLOMON, *on behalf of herself*
*and all individuals similarly situated,*

    Plaintiff,

v.                                                                              Civil Action No. 3:19-cv-0266-JAG

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION TO ENTER CONSENT ORDER FOR SETTLEMENT

Plaintiff, Sarah Solomon, ("Solomon") brought this case as a putative class action alleging that Defendant Equifax Information Services, LLC ("Equifax") systemically violated the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681e(b), by failing to follow reasonable procedures to ensure the maximum possible accuracy of the credit reports it furnished about her and other similarly situated consumers.  Compl. ¶ 47.  More specifically, Plaintiff contends that Equifax "erroneously list[s] . . . discharged debts as due and owing and/or past due . . . after a consumer ha[s] received a Bankruptcy discharge in a Bankruptcy case that was converted from a Chapter 13 to a Chapter 7."  *Id.*  Plaintiff's position is that that although debts incurred *after* the filing of a Chapter 13 proceeding but *before* conversion to a Chapter 7 are presumptively included in a subsequent Chapter 7 discharge, Equifax does not have reasonable procedures in place to ensure this category of debts is coded as having been included in a consumer's Chapter 7 discharge order.

The case was filed on April 10, 2019.  The Parties simultaneously litigated and negotiated to attempt an effective outcome acceptable to both sides.  They reached that objective.  The Parties intend that the case settle on an individual basis, without a class being certified and

without a release of any putative class member claims. The settlement would, however, include injunctive relief terms that require Equifax to make procedures changes to correct the reporting as alleged in this case for all putative class members.

Ordinarily, upon an individual settlement, the Parties simply transact that deal in private and submit a Rule 41 stipulation or dismissal order. This case is different for three reasons. First, as a condition of Settlement, Plaintiff insisted on and negotiated for an injunction to require Equifax to implement procedures to prevent, as to all consumers, what she believes was materially inaccurate reporting. The Plaintiff can propose such an Order, but only the Court can approve and enter it.

Second, in order to obtain this relief, Equifax is asking for the Court's consideration of the new procedures as compliant going forward. Plaintiff's counsel negotiated the procedures here (just as he did the procedures in *White et al. v. Experian Information Solutions, Inc., et al.*, Case No. 8:05-cv-01070-DOC-MLG (C.D. Cal.)) (the "*White* Order"). The new procedures comply with the FCRA. The Proposed Order asks the Court to reach that same conclusion.

Lastly, a major obstacle to settlement was Equifax's not irrational concern that if this case settled individually, even with class-wide relief, Plaintiffs' counsel could simply file a new lawsuit on behalf of a new individual or class. Accordingly, Plaintiff's counsel agrees to a narrow restriction on their practice while the injunction is in effect. That restriction requires Court approval. Va. R. Prof. C. 5.6(b).

## I. THE PROPOSED PROCEDURAL CHANGE IS SUBSTANTIAL, EFFECTIVE, AND FCRA COMPLIANT

### A. Process Changes were Agreed Upon as Part of the Settlement in this Litigation.

Pursuant to the settlement agreement reached between the parties in this case, Equifax has agreed to implement a change to its reporting procedures with respect to the reporting of

debts that a consumer incurs (i) after filing a Chapter 13 bankruptcy proceeding and (ii) before converting such proceeding to a Chapter 7 proceeding. To accomplish this change, Equifax will apply the Agreed Bankruptcy Coding previously negotiated on behalf of consumers in the *White* case.

Equifax's reporting of debts after a consumer receives a Chapter 7 discharge order is governed by the terms of a Settlement Agreement and Release entered on August 19, 2008 in a nationwide FCRA class action against Equifax and the two other national consumer reporting agencies. *See White et al. v. Experian Information Solutions, Inc., et al.*, Case No. 8:05-cv-01070-DOC-MLG (C.D. Cal.) (the "*White* Order"). A copy of the *White* Order is attached as Exhibit 1. As set forth in the *White* Order, Equifax is required to apply the "Agreed Bankruptcy Coding" (as defined in the Order) to certain pre-bankruptcy debts appearing on a consumer's credit file after the consumer obtains a Chapter 7 bankruptcy discharge.

As a general matter, the Agreed Bankruptcy Coding procedures required Equifax to "assume that certain categories of pre-bankruptcy consumer debts have been discharged in Chapter 7 bankruptcies based on the statistical likelihood of discharge of these categories of debt." *Id*. at Section 5.1. Judge Carter of the Central District of California expressly found that the Agreed Bankruptcy Coding procedures "are reasonable procedures to assure the maximum possible accuracy of [Equifax's] reporting of credit information regarding [c]onsumers who have received a discharge pursuant to Chapter 7," and he "conclusively deemed [the procedures in the *White* Order] to comply with the [FCRA]." *Id*. at Section 5.5; *see Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 445237, at *10 n.5 (D. Md. Feb. 2, 2017) (recognizing the *White* Order "sets forth in detail the procedures that [consumer reporting agencies] must follow in the

context of Chapter 7 bankruptcies, and deems those procedures to be reasonable as a matter of law").

Had Equifax applied the *White* procedures to tradelines that were reported after a consumer filed a Chapter 13 proceeding but before the consumer converted it to a Chapter 7 proceeding, this lawsuit could not exist, as there would not be an inaccuracy to challenge.[1] Accordingly, Plaintiff has sought and now as a condition of settlement, Equifax has agreed to apply the procedures and presumptions in the *White* Order to debts (in the manner specifically set forth in the *White* Order) appearing on a consumer's credit file through the date on which the consumer obtains a Chapter 7 discharge.

**B.    The Procedural Change is a Reasonable Procedure to Assure the Maximum Possible Accuracy in the Reporting of Consumer Debts.**

By applying the Agreed Bankruptcy Coding to debts incurred through the date of a Chapter 7 discharge, the procedural change will ensure that debts—like Plaintiff's—incurred *after* the filing of a Chapter 13 petition *but before* conversion to a Chapter 7 are reported as being included in the consumer's Chapter 7 discharge (when that is the appropriate treatment for such debts under the *White* Order).

The parties agree that procedural change required under the settlement agreement is a reasonable procedure under Section 1681e(b) of the FCRA (and equivalent state statutes) designed to "assure maximum possible accuracy of the information" that Equifax reports about consumers who file a Chapter 13 petition, convert their proceeding to a Chapter 7 proceeding, and subsequently obtain a Chapter 7 discharge. As discussed above, Judge Carter found in the *White* Order that the Agreed Bankruptcy Coding procedures "are reasonable procedures to assure

---

[1] Equifax contends that it currently complies with the *White* Order by applying the Agreed Bankruptcy Coding to pre-petition debts of consumers who file Chapter 7 proceedings and subsequently obtain a Chapter 7 discharge order.

4

the maximum possible accuracy of [Equifax's] reporting of credit information regarding [c]onsumers who have received a discharge pursuant to Chapter 7," and he "conclusively deemed [the procedures in the *White* Order] to comply with the [FCRA]." Ex.1 at Section 5.5. The procedural change agreed to by the parties here will extend the application of the FCRA-compliant Agreed Bankruptcy Coding to a narrow category of debts, like Plaintiff's, that are treated by the bankruptcy laws as "pre-petition" debts.

Plaintiff's counsel[2] have analyzed the effect of the procedural change, determined that it will benefit consumers who (like Plaintiff) convert their Chapter 13 proceeding to a Chapter 7 proceeding, and believe the change meets the high standard required of consumer reporting agencies under the FCRA. *Burke v. Experian Info. Sols., Inc.*, No. 1:10-CV-1064 AJT/TRJ, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (Summarizing the "very high legal duties of care" in recognition of the "critical role that CRAs play in the credit markets and the serious consequences borne by consumers because of inaccurate information disseminated in consumer credit reports"). The procedure in White was negotiated to allow for an automated and uniform application of the reporting changes and the injunction here follows that same path. And importantly, the changes and reporting procedures here are consistent with the Court's conclusions rendered in the companion Trans Union case. *Solomon v. Trans Union, LLC*, Case No. 3:19-cv-255-JAG, Dkt. 34 (E.D.Va. Oct. 2, 2019).

Accordingly, the Court should enter the Proposed Consent Order and find that the procedural change agreed to by the parties is a reasonable procedure in compliance with the FCRA and equivalent state statutes.

---

[2] Plaintiff's counsel (Bennett) was the plaintiffs' counsel in White primarily responsible for negotiating the drafted injunction procedures entered in the White Order. He is also the primary author of the "Accuracy" chapter of the primary treatise in this field, that National Consumer Law Center's FAIR CREDIT REPORTING manual.

## II. THE LIMITED RESTRICTION ON PRACTICE IS REASONABLE AND ACCEPTABLE

As a condition of settlement, Equifax has sought and Plaintiff's counsel has agreed to the following term:

> Subject to Court approval pursuant to Va. R. Prof. C. 5.6(b), Plaintiff's Counsel expressly agree that, during the effective term of the Consent Order, they will not bring any claims on a class or aggregate basis (or individual claims under 15 U.S.C. § 1681e(b)), premised on (i) Equifax's conduct at issue in the Lawsuit or (ii) Equifax's amended procedures as memorialized in the Consent Order (or, alternatively, in an amendment to this Agreement) in accordance with Section 2 above. Finally, Plaintiff's Counsel represent that they have no other clients that have retained their firms to prosecute against Equifax the claims asserted in the Lawsuit, and have also not shared the facts or claims in the Lawsuit outside of their firms (other than with respect to documents publicly filed with the Court).

The Court is certainly familiar with the general prohibition against asking for or offering an attorney's restriction on practice as a condition of settlement. That admonition is stated at Rule 5.6(b) of the Virginia Rules of Professional Conduct:

> Rule 5.6.   Restrictions On Right To Practice
>
> A lawyer shall not participate in offering or making:
>
> …
> (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy, except where such a restriction is approved by a tribunal or a governmental entity.

"This Rule is similar to DR 2-106, although it specifically permits a restriction if it is approved by a tribunal or a governmental entity." *Id*., Virginia Code Comparison.  The purpose of this limited carve-out, permitting a restriction if approved by a court, is stated in Comment 2:

> [2] Paragraph (b) prohibits lawyers from agreeing to a restriction on their right to practice, unless approved by a tribunal (in such situations as the settlement of mass tort cases) or a governmental entity. However, the lawyer must fully disclose the extent of any restriction to any future client and refer the client to another lawyer if requested to do so.

6

The Court has considered such a request and motion. In *Gibbs v. Curry*, (then Magistrate) Judge Novak approved a limited restriction. Civil Action No. 3:18-cv-00654, Dkt. No. 64 (E.D.Va. June 19, 2019) (Exhibit "B"), attached to this Motion as Exhibit 2. The Court considered and approved the restriction based upon three factors: (1) the consideration obtained in exchange for the restriction on Plaintiffs' counsel's right to practice; (2) the availability of well qualified counsel experienced in consumer litigation despite the limitation; and, (3) ensuring that the limitations of time and scope were not unduly burdensome.

Here, the proposed restriction is even less onerous and justified. Starting in reverse factor order, here the restriction is very limited. Temporally, it only applies for the duration of the proposed injunction. And by scope, Counsel remains able to represent individual consumers even during that period in adjudication of their claims under 15 U.S.C. § 1681i(a) (as well as other provisions besides § 1681 e(b)). Section 1681i claims are the primary remedies sought in the many FCRA cases filed and litigated against Equifax. That section requires a CRA to conduct a reasonable reinvestigation and correct a consumer's credit file, as appropriate, when a consumer makes a dispute. Nearly every individual case Plaintiff's counsel has brought against Equifax (or Trans Union and Experian) includes such a claim.

Further, the restriction is only on the prosecution of consumer claims against Equifax based on either a challenge to what will soon be its former reporting procedures, or an argument that the new ones proposed here are unlawful (obviously not a tenable position for lawyers that on the record have stated their strong belief that they are not).

The second factor is maybe more difficult to argue. Plaintiff's counsel take pride in their success and effectiveness in this field. But in truth there are other lawyers that take these FCRA

cases. In Virginia, Kristi Kelly remains unrestricted. Nationally, FCRA attorneys can be found through the National Association of Consumer Advocates "Find an Attorney" search option.

Lastly, the first factor supports the restriction. In exchange for a time-limited restriction, the Plaintiff and her counsel have obtained class-wide injunctive relief. Such relief may not ordinarily be available except by settlement. *Berry v. Schulman*, 807 F.3d 600, 610 (4th Cir. 2015). The only tradeoff is the inability of present counsel to pursue a claim under one section of the statute based on the specific facts here, for a limited time.

### III.  CONCLUSION

Accordingly, for the reasons stated in this Memorandum, Plaintiff and her counsel ask the Court to grant the Joint Motion and approve the Consent Order as moved.

Date: May 22, 2020                                          Respectfully submitted,

/s/ Emily Connor Kennedy_____
Emily Connor Kennedy, VSB No. 83889
Mark C. Leffler, VSB No. 40712
Stephen F. Relyea, VSB No. 77236
Boleman Law Firm, P.C.
2104 W. Laburnum Ave, Ste. 201
Richmond, VA 23227
Telephone: 804-358-9900
Facsimile: 804-358-8704
Email: eckennedy@bolemanlaw.com
Email: mcleffler@bolemanlaw.com
Email: sfrelyea@bolemanlaw.com

*Counsel for Plaintiff*

                    Leonard A. Bennett, VSB No. 37523
                    Craig C. Marchiando, VSB No. 89736
                    Consumer Litigation Associates, P.C.
                    763 J. Clyde Morris Boulevard, Suite 1-A
                    Newport News, VA  23601
                    Telephone: 757-930-3660
                    Facsimile:  757-930-3662
                    Email: lenbennett@clalegal.com
                    Email: craig@clalegal.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

  I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

 John W. Montgomery, Jr. VSB No. 37149
 Traylor, Montgomery & Elliott, P.C.
 130 E. Wythe Street
 Petersburg, Virginia 23803
 Telephone: 804-861-1122
 Facsimile: 804-733-6022
 Email: jmontgomery@tmande.com

*Counsel for Equifax Information Service, LLC*


 Zachary A. McEntyre *(pro hac vice)*
 John C. Toro *(pro hac vice)*
 Meryl W. Roper *(pro hac vice)*
 Robert Griest *(pro hac vice)*
 King & Spalding, LLP
 1180 Peachtree Street, NE
 Atlanta, GA 30309
 Telephone: 404-572-4600
 Facsimile: 404-572-5100
 Email: zmcentyre@kslaw.com
 Email: jtoro@kslaw.com
 Email: mroper@kslaw.com
 Email: rgriest@kslaw.com

*Counsel for Equifax*
*Information Services, LLC*

            /s/ Emily Connor Kennedy_____
            Emily Connor Kennedy, VSB No. 83889
            *Counsel for Plaintiff*